# Bauman, Kunkis & Ocasio-Douglas, P.C.

ATTORNEYS AT LAW

14 PENN PLAZA (225 WEST 34TH STREET)
NEW YORK, NEW YORK 10122-0049

TEL: (212) 564-3555
FAX: (212) 564-2841
URL: www.BKODLAW.com

ROGER M. KUNKIS
MARIA DEL PILAR OCASIO-DOUGLAS

MARTHA H. KUNKIS
STEPHANIE L. GOLD
CORINNE E. PASCARIU
RANDOLPH D. JANUS
RICHARD JANOWITZ

BERT BAUMAN, OF COUNSEL

EUGENIA MORSE, CASE ADMINISTRATOR

June 8, 2006

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 14 2006 ★
BROOKLYN OFFICE

BY FAX: (718) 613-2535

Honorable Joan M. Azrack
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: Hlinka v. USA
    Civil Action NO. CV-04-3121 (EDNY)(ERK)(JA)

Honorable Magistrate Judge Azrack:

We represent the plaintiff, Mike Hlinka in the above entitled action and write in response to the motion made by Assistant United States Attorney Miller.

As your honor was previously made aware, there have been numerous letters and telephone calls regarding the "exorbitant" fee of Dr. Aaron Sporn.

A.U.S.A. Miller has argued that simple arithmetic calculations demonstrate that Dr. Sporn's requested fee of $4,500.00 would result in a charge of $1,285.00 per hour for a 3.5 hour deposition. However, what Ms. Miller left out, is that we paid $3,100.00 on May 1, 2006 for a three hour deposition of her witness which took place on May 9, 2006 from 2:30pm to 5:30pm. Simple arithmetic calculations demonstrate that Dr. Goldberg's charge resulted in a fee of $1,033.34 per hour for the three hour deposition.

Although Ms. Miller stated over the phone that Dr. Goldberg's fee was $425.00 an hour, the fact remains that Dr. Goldberg requested that he receive the $3,100.00 fee IN ADVANCE of his testimony which we did and we complied. Regrettably, when I was advised of the immediate phone conference with your honor last week, I was not privy to this information otherwise, I would have pointed this out to the Court. It should be further noted that although Ms

BAUMAN, KUNKIS & OCASIO-DOUGLAS, P.C.

Miller attempts to quote me as indicating that I thought $400 an hour was appropriate, at no time did I ever say such a thing, but rather indicated that I was aware of case law stating that $400.00 dollars and hour was an appropriate fee in a medical malpractice case.

The prevalent case law indicates the criteria to consider in determining whether the requested expert witness fee is reasonable includes: (1) The witness's area of expertise; (2) The education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparable respected available experts; (4) The nature, quality and complexity of the discovery responses provided; (5) The fee actually charged to the party who retained the expert; (6) Fees traditionally charged by the expert on related matters and (7) any other factor likely to assist the court in balancing the interest implicated by discovery rule. Fisher Price, Inc. v. Safety 1st, Inc., 217 F.R.D. 329'

Quite frankly, in all fairness to BOTH parties, if the plaintiff was required to pay $3,100 in advance of the testimony of the Government's witness, the same should apply to the defendant herein.

Unfortunately however, given the many phone calls from the government directly to Dr. Aaron Sporn which apparently, as I am informed, included a threat to subpoena him from South Jersey to Ms Miller's office in Brooklyn, NY wherein he would have to testify without earning a fee, and given the several phone calls attempting to set up his deposition which resulted in cancellations on at least 3 occasions, yesterday my office received a letter from Dr. Aaron Sporn stating that he no longer wishes to be involved in this matter whatsoever.

It should be noted that since existing rules of procedure exist to provide for limited and controlled discovery of an opposing party expert, that all other forms of contact are impliedly prohibited and therefore, Ms Miller had and should continue to have, an ethical duty to obey such rules and not contact our future expert witness.

As such, we are writing to request time for the plaintiff to now secure a new expert.

Naturally, assuming the court grant the plaintiff's request, we would further request that the Government be ordered to pay the same amount to whomever the plaintiff's expert will be that we had to pay the Government's witness in advance. Same would be equitable and just and would demonstrate that both sides are being treated equally.

As to Ms Miller's request for a supplemental expert disclosure, as Dr. Sporn is no longer our expert, we would provide the Rule 26(a)(2)(B) disclosure as discussed in our phone conference, and again ask that, in essence, what is good for the goose, is good

## BAUMAN, KUNKIS & OCASIO-DOUGLAS, P.C.

for the gander, Ms Miller should also supplement her Expert responses to indicate the list of cases in which the witness has testified as an expert at trial or by deposition within the preceding four years; a list of all publications authored by the witness in the preceding ten years; the compensation to be paid for the study and testimony.

By way of example, I have annexed Ms Miller's list of Dr. Arthur Rosen's Expert witness testimony which out of 19 cases listed, only five identify that the testimony was in State Supreme Court, Suffolk County while the others are blank as to where the testimony was given. Similarly, all that is indicated is "for defense" or for Plaintiff".

Lastly, Plaintiff has absolutely no problem reimbursing Dr. Rosen's airfare, to wit, $209.60 and in fact, we advised Ms Miller of this promptly. Unfortunately, she insisted we pay Mrs. Rosen's airfare as well. While I can truly appreciate Mrs. Rosen wanting to visit NYC with her husband, it would be unjust for the plaintiff, Mike Hlinka, a 73 year old veteran, to be have to pay for her canceled trip. This is especially true since tickets with Jet Blue are never lost but rather are good for one year and the Rosen's apparently were going to travel to Massachusetts anyway to visit relatives.

As such, we await the Court's directives and request permission to extend the time to secure and exchange an expert as indicated above for the reasons stated above.

Thank you for Your Honor's consideration herein.

Very truly yours,

MARIA DEL PILAR OCASIO-DOUGLAS

Cc:
Nancy A. Miller, ESQ.
Roslynn Mauskopf, Esq.
One Pierrepont Plaza
Brooklyn, New York 11201
VIA FAX: (718) 254-6081

---

(1) Plaintiff's application for additional time to secure an expert is granted to 9/8/06.

(2) Plaintiff may made an additional application re: fees for the newly named expert if such appl. is necessary.

(3) Plaintiff is not responsible to pay MRS Rosen's airfare.

(4) Def is to make an appropriate expert disclosure re: new expert testimony.

6/8/06 So Ordered s/Joan M. Azrack